**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | |
|---|---|
| JOSE LOURENCO JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TRANS UNION, LLC | ) ) ) JURY DEMAND |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Jose Lourenco Jr., brings this consumer protection class action against Trans Union, LLC ("Trans Union") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

2. The FCRA was amended in 2003 by the Fair and Accurate Credit Transaction Act ("FACTA"), Pub L. No. 108-159 (2003), in order to, among other things, "prevent identity theft, improve resolution of consumer disputes, [and] improve the accuracy of consumer records."

3. Prior to the 2003 amendments, victims of identity theft were afforded no special protections under FCRA. As such, consumer reporting agencies ("CRAs"), such as Trans Union, were under no obligation to treat an identity theft claim any different than a common dispute.

4. The 2003 amendments made it easier for victims of identity theft to correct their credit information by requiring CRAs to "block" the reporting of fraudulent information on

their credit reports upon receipt of a request to do so supported by a valid identity theft report. 15 U.S.C. § 1681c-2(a).

5. The ability to obtain a "block" of information is especially important to consumers because once a block is in place, the account is permanently removed from the consumer's credit report *and* creditors are prohibited from sending the blocked account to collections. *See* 15 U.S.C. §1681m(f).

6. By contrast, in the case of an ordinary consumer dispute where no claim of identity theft is made, the dispute can at best result only in the *deletion* of an account, which removes the account from the consumer's credit report but allows the creditor to continue with collections unabated. *See* 15 U.S.C. § 1681i.

7. A CRA may decline a consumer's request to "block" information only if the CRA reasonably determines that the consumer's request is fraudulent or made in error. *See* 15 U.S.C. § 1681c-2(c)(1).

8. In the case of such a declination, the CRA is required by the FCRA to notify the consumer in writing of the business name and address of any furnisher of information that Defendant contacted upon receiving Plaintiff's identity theft report and that the consumer has a right to add a statement to her file disputing the accuracy or completeness of the disputed information. *See* 15 U.S.C. § 1681c-2(c)(2); 15 U..S.C. § 1681i(a)(5)(B).

**Parties**

9. Plaintiff is an individual and therefore a "consumer" as defined by the FCRA at § 1681a(c).

10. At all times relevant to this case, Plaintiff resided in Lowell, MA.

2

11. Trans Union is a Delaware Corporation whose principal office is located within this District at 555 W. Adams St., Chicago, IL 60661 and which maintains a registered agent in Illinois of Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, IL 62703.

12. Trans Union is one of the three largest companies engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Trans Union regularly obtains and analyzes financial information about millions of consumers and compiles the information into consume reports, commonly called "credit reports," which it provides to third parties.

13. Trans Union is a "consumer reporting agency" as defined by the FCRA at § 1681a (f).

## Jurisdiction and Venue

14. This lawsuit, brought pursuant to 15 U.S.C. §§ 1681 *et seq.*, presents a federal question and jurisdiction therefore arises under 28 U.S.C. § 1331.

15. Venue is proper because Defendant resides in this District and a substantial part of the events giving rise to this action occurred in this District.

## Factual Allegations

16. Plaintiff is a victim of identity theft, which occurred when several accounts were opened in plaintiff's name, between 2008 and 2009, but without plaintiff's knowledge or permission.

17. On February 16 2015, plaintiff filed a police report with the Lowell Massachusetts Police Department regarding the identity theft he experienced.

18. On February 18, 2015, plaintiff filed a complaint with the Federal Trade

3

Commission and completed an Identity Theft Victim's Complaint and Affidavit regarding the identity theft he experienced.

19. On February 18, 2015, plaintiff mailed an Identity Theft packet to Trans Union in which he disputed several specific accounts, provided proof of his identity, and requested that Trans Union block the reporting of the fraudulent accounts. This packet contained copies of plaintiff's Police Report and Identity Theft Victim's Complaint and Affidavit.

20. On February 28, 2015, Trans Union mailed plaintiff a letter (attached hereto as Exhibit 1) in response to plaintiff's Identity Theft Packet which reads entirely as follows;

> "Thank you for contacting Trans Union. Our goal is to maintain complete and accurate information on consumer credit reports. We have provided the information below in response to your request.
>
> Re: Your Identity Theft-Related Request
>
> We received the identity theft block request you recently sent to Trans Union. Trans Union takes cases of identity theft very seriously and investigates all such allegations thoroughly. However, Trans Union at this time declines to block the information you have identified for one or more of the following reasons:
>
> - In accordance with Section 605B of the FCRA, we have determined that your request has either a) been made in error; b) is a misrepresentation of material fact relevant to the request to block and/or c) you have obtained possession of goods, services or money as a result of the transaction issue.
>
> Although we cannot process your request for the reasons stated above, you may submit additional information or documentation supporting your request. Additionally, we have opened a reinvestigation of the disputed information. Trans Union will contact the source of the disputed information to advise them of your dispute. We will ask them to verify the accuracy of the reported information. When the reinvestigation is completed, you will receive the results of that reinvestigation by mail.
>
> If the disputed information is not blocked or otherwise deleted from your file as a result of the reinvestigating, you will receive a prompt notice of:
>
> (I) The disputed information that has been retained on your file.

(II) The business name and address (and a telephone number if available) of any furnisher of information contacted in connection with the retention of the information.

(Ill) Your right to add a consumer statement to your file disputing the accuracy or completeness of the disputed information.

If you have any additional questions or concerns, please contact Trans Union at the address shown below, or visit us on the web at www.transunion.com for general information. When contacting our office, please provide your current file number *****3043.

P.O. Box 2000
Chester, PA 19002-2000"

21. This letter does not contain any notice of the business name and address of any furnisher of information that Defendant contacted upon receiving Plaintiff's identity theft report nor did Defendant provide such notice to Plaintiff within 5 business days thereafter.

22. This letter does not contain a notice that Plaintiff had a right to add a statement to his file disputing the accuracy or completeness of the disputed information nor did Defendant provide such notice to Plaintiff within 5 business days thereafter.

23. Trans Union's failure to provide the required notice harmed Plaintiff by depriving him of valuable and consequential information regarding the theft of his identity.

### **Count I (Class Claims) - FCRA 15 U.S.C. § 1681c-2**

24. Plaintiff re-alleges and incorporates the above factual paragraphs herein.

25. Defendant willfully and negligently violated the FCRA by failing to provide the notice required by 15 U.S.C. §1681c-2(c)(2) after declining Plaintiff's requests to block information alleged to result from identity theft pursuant to 15 U.S.C. §1681c-2(c)(1).

26. The plain language of §1681c-2 is clear and Trans Union is on notice of its requirements, both from guidance from the Federal Trade Commission and the prior decision of this court in *Osada v. Experian Info. Solutions, Inc.*, 290 F.R.D. 485 (N.D. Ill. 2012).

27. Plaintiff brings Count One against Trans Union on behalf of the following class:

(i) All persons to whom Defendant sent a letter in the form of the February 28, 2015 letter Defendant sent to Plaintiff and attached hereto as *Exhibit 1*:

(ii) between May 27, 2013 and the date of final judgment in this matter

(iii) to whom Defendant did not also send a letter within five business days thereafter containing both

(a) the business name and address of any furnisher of information that Defendant contacted upon receiving Plaintiff's identity theft report; **and**

(b) a notice that the consumer had a right to add a statement to her file disputing the accuracy or completeness of the disputed information;

28. The class is so numerous that joinder of all members is not practicable. Considering Trans Union's size and its use of standardized form letters, there are likely thousands of members the class. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

29. The class can be identified easily through records maintained by Trans Union.

30. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. Some of the predominant common questions include:

i. Whether Defendant sent the notice required 15 U.S.C. § 1681c-2(c)(2).

ii. Whether Defendant's violations of the FCRA were willful.

31. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in class actions and credit reporting litigation. Plaintiff's claims are typical of the claims of the class members because they are all based on the same factual and legal theories. Plaintiff has no interests adverse to any member of the class.

32. A class action is appropriate for the fair and efficient adjudication of this matter. *See Osada*, 290 F.R.D. 485 (certifying similar class). Members of the class are likely unaware of their rights and, even if they are, the interest in individually controlling the prosecution of separate claims is small because of the limited damages available. There are likely thousands of possible individual actions for the class, many of which are not economically feasible on their own.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members, and against Trans Union for:

    A. Statutory damages and punitive damages pursuant to 15 U.S.C. § 1681n;

    B. Attorney fees and costs pursuant to 15 U.S.C. § 1681n; and

    C. Any other relief the Court deems just and proper.

### Count II (Individual Claims) - FCRA 15 U.S.C. § 1681c-2

33. Plaintiff re-alleges and incorporates the above factual paragraphs herein.

34. Defendant willfully and negligently violated the FCRA by declining Plaintiff's request to block information alleged to result from identity theft as required by 15 U.S.C. § 1681c-2(a) despite its receipt of all required documentation from Plaintiff.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, and against Trans Union for:

    A. Actual damages, statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

    B. Attorney's fees and costs pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

    C. Any other relief the Court deems just and proper

Respectfully submitted,

Jose Lourenco, the plaintiff.
By: /s/ Keith J. Keogh
    One of his Attorneys

Keith J. Keogh
Michael Hilicki
Timothy J. Sostrin
Katherine Bowen
Keogh Law, LTD.
55 W. Monroe St., Suite 3390
Chicago, Il 60603
312.726.1092/312.726.1093 (fax)
Keith@keoghlaw.com


Danielle M. Spang (*Pro Hac Vice* to be filed)
Law Office of Danielle Spang
P.O. Box 183,
Somerville, MA 02143
P: 617-612-5291
F: 855-220-3375

John Soumilas (*Pro Hac Vice* to be filed)
Francis & Mailman, P.C.
19th Floor, 100 South Broad Street
Philadelphia, PA 19110
P (215) 735-8600
F (215) 940-8000
*Attorneys for Plaintiff*


**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh
Attorney for Plaintiff